■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM HIGHTOWER, Appellant. [616 NYS2d 1001] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered January 13, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to the trial, the defendant requested permission to dismiss his court-appointed attorney. The court granted this

request and assigned new counsel. The defendant then applied to proceed *pro se* and, after extensive discussion, assured the court that he understood the dangers of self-representation but stated that he had a constitutional right to proceed *pro se* and that he would do a better job of protecting his interests than his second court-appointed attorney. The court permitted the defendant to proceed *pro se* but informed the defendant that the second court-appointed attorney would remain with him as his advisor. The defendant then represented himself throughout the course of the trial and made discovery requests, gave an opening statement, raised the issue of proper identification to the jury, cross-examined the People's witnesses, pointed out minor contradictions in the testimony of the People's witnesses, gave a summation, objected to portions of the court's charge to the jury, and requested that a lesser-included offense be included in the charge. Here, the defendant made a knowing and intelligent decision to proceed *pro se* and was not deprived of his right to counsel *(see, People v Ryan,* 82 NY2d 497, 507).

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.